JOHNSON *v.* STATE.

(Division B. Dec. 3, 1934.)

[157 So. 896. No. 31543.]

Geo. T. and Chas. S. Mitchell, of Tupelo, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

Ethridge, P. J., delivered the opinion of the court.

Lee Johnson was convicted by the circuit court of Lee county of violating the age of consent law, section 1123, Code 1930, and sentenced to serve two years in the state penitentiary, from which this appeal is prosecuted.

The only assignment of error is that the court should have granted a peremptory instruction for the appellant, this being based upon an alleged insufficiency of proof.

It appears from the state's testimony that Margaret Dugger, a girl slightly over twelve years of age, of previous chaste character, had sexual relations with Lee Johnson. The prosecuting witness said this occurred at the appellant's home on a Sunday in July. She would not say definitely whether it was the first or second Sunday. She further stated that she went to Johnson's home,

went into the room where appellant's wife and small children were. Mrs. Johnson was seated on the bed, and the witness said she sat on the bed, and later they laid down, and the appellant came in and laid down on the bed; that Mrs. Johnson got up and went out on the porch; and that then the sexual relation took place in the room where the small children were.

It was also proved by the state that in May following the act which was in July, the appellant went to the father of this girl and stated that there were rumors about his relation with this girl; that these rumors were being spread by "kids" and he could not handle it, and he asked the father of the girl to assist him, and if he could not prove his innocence, to let him escape, to which the father agreed. While this conversation was being had by Dugger and the appellant, Boyd Robinson, an uncle of the girl, came upon the scene and heard part of the conversation, and went away with Johnson. As they left, Robinson told Johnson he was guilty. Johnson first denied it, but finally said he was a little bit guilty. Robinson said, "You can't be a little bit guilty," and then appellant said, "Yes, I am guilty, what will I do." Shortly thereafter, the appellant, Lee Johnson, ran off.

Mrs. Dugger, the mother of the girl, was asked about the matter, and she said Margaret Dugger admitted to her mother what had taken place, and the mother thereupon told the father of the girl.

In the preliminary examination the girl testified that the act took place on the first Sunday in July, as stated by the justice of the peace and another who attended the trial.

The appellant and his wife testified that they were visiting the wife's mother on the first Sunday in July of the year involved, and returned to their home on the following Tuesday. They also proved that the appellant and Robinson had some previous difficulty, and were not friends, and appellant's wife's and his testimony as to

their being at the wife's mother's home was corroborated by his mother-in-law.

The testimony shows that when Lee Johnson was arrested, the sheriff and others went to where he was, he made an attempt to run off, and he was arrested in his nightclothes. He undertook to explain this by saying that he thought possibly the father of the girl was with the sheriff.

There was no motion for a new trial on the ground that the verdict was against the overwhelming weight of the evidence, but, as stated, there was a request for a peremptory instruction.

We think there was ample evidence to sustain the conviction, and there was no reason for a new trial; consequently, the judgment of the lower court is affirmed.

Affirmed.